# IN THE UNITED STATE DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| HARLEYSVILLE MUTUAL <br> INSURANCE COMPANY ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> DAPPER, LLC ) <br> ) <br> Defendant. ) | CASE ACTION NO. 2:09-CV-794-TFM |

## MOTION OF DEFENDANT, DAPPER, LLC, TO ALTER OR AMEND

COMES NOW, Defendant, Dapper, LLC ("Dapper") and hereby moves under *Fed. R. Civ. 59(e)* this Honorable Court to Alter or Amend its Order of July 21, 2010 granting Summary Judgment in favor of Plaintiff, Harleysville Mutual Insurance Company ("Harleysville"), and states, as follows:

This Honorable Court has determined that the "known loss" provision in the insurance policy under which Dapper has filed a claim does not cover the "loss" in question. The Court concluded that Dapper had previously received notice concerning erosion from the attorney representing the Fantail (plaintiff in the underlying case) several months prior to Dapper's addition to the existing insurance policy. Dapper submits that the critical date is not, and cannot, be the date on which notice of an alleged loss is tendered to the insured, but instead is the date on which Dapper and other companies owned and operated by William Palmer were added to the existing Palmer Properties insurance policy retroactive to the policy's inception. First of all, the question exists as to how extensive alleged damage must be before the "known loss" provision kicks in to bar coverage. The mere allegation of damage is insufficient because either the

damage may not actually exist, or in fact, the damage has been remedied or is being remedied. This question of whether or when alleged physical damage to property exists based upon notice is a question of fact which can only be established in a trial of all the issues before a court. In the instant case, this Honorable Court acknowledges the sincerity of Mr. Palmer in his good faith efforts to add Dapper to his existing policy without believing that a "known loss" exists. As Mr. Palmer stated in his deposition for Harleysville, (Exhibit "B" to Harleysville Motion For Summary Judgment) on page 127 therein:

> "... If you - - you're in the construction business and you run into a construction problem do you immediately go tell your insurance company, well, we've got a problem, even though you work out problems every day?"

The implication is that problems occur every day which are routinely worked out without considering whether the problem is or will become a "loss" within the provisions of an insurance policy. Thus, the date which is critical is the date of the issuance of the insurance policy or, in this case, the date which Dapper was added to the insurance policy, not the date that notice of alleged damage is submitted to the insured.

Alabama appellate courts have long stated that "exceptions to coverage must be interpreted as narrowly as possible in order to provide maximum coverage for the insured, and must be construed most strongly against the company that drew the policy and issued it." Alliance Ins. v. Reynolds, 494 So. 2d 609, 612 (Ala. 1986). Harleysville drafted the provisions of the subject policy, and thus, the exclusionary provisions contained therein must be construed most narrowly against it. Thus, the interpretation of what is a "loss", when a "loss" occurs, and what constitutes "physical damage" must also be interpreted most narrowly against Harleysville.

Dapper requests that this Honorable Court review its analysis of Essex Ins. Co. v. H & H

2

Land Dev. Corp., 525 F. Supp. 2d 1344 (M.D. Ga. 2007), and Mut. Serv. Cas. Ins. Co. v. Henderson, 2003 WL 25737440 (M.D. Ala. 2003) (not reported in F. Supp. 2d), reversed in part on other grounds in 368 F.3d 1309 (11th Cir. 2004), with regard to the concept of coverage as it relates to the subjective issue of intent at the time that an insured is added to a policy and its effect on coverage of an alleged previous loss. While this Honorable Court has noted factual differences between the instant case and Essex, a closer inspection reveals that the Georgia court would have reached the same result on the issue of "known loss" even if the plaintiff in the underlying suit had been the initial complainant rather than merely other neighbors who had not previously complained of the loss. The court stated in Essex:

> A jury would be entitled to draw its own inferences from this evidence and determine for itself whether the complaints expressed by Ron Carter (*the original complainant*) were sufficient to make H & H aware that property damage was occurring on the Malone and Blair properties as well. Given the absence of evidence of complaints after March 2001, the jury would also be authorized to consider whether H & H had reason to believe its remedial measures had eliminated the problem of excess runoff from the Orchard. On Motion for Summary Judgment, the Court must consider all evidence in light most favorable to the non-moving party and draw any reasonable inferences in that party's favor. As such, the evidence before the Court presents genuine issues of material fact with regard to the **known loss provision**, and summary judgment would be inappropriate. 525 F. Supp. 2d at 1348.

The insured in Essex had every reason to believe its remediation efforts had solved the problems of not only the original complainant, Ron Carter, but all of those affecting the subject subdivision, the Orchard, which included the subsequent complaints of the litigants, Malone and Blair. The fact situation here is very relevant in that Dapper had every reason to believe that its efforts at remediation and negotiation were solving any alleged damage to the Fantail property at

3

the time Dapper was added to the Palmer Properties insurance policies. Further, this Court in Henderson, dealt with a similar situation in determining whether an alleged "known loss" would preclude insurance coverage. 2003 WL 25737440 at 16. The issues before the Court then included whether the insured had misrepresented knowledge of previous litigation in its application, but also turned on whether alleged knowledge of physical damage constituted an "occurrence" within the scope of the language of the policy. In reaching its conclusion that coverage existed, this court concluded, that:

> Based on the above listed facts, the court finds that there is a genuine issue of material fact as to whether the Hendersons or a reasonably prudent person in the same position would have possessed a high degree of certainty that the damage asserted in the amended complaint would result from his acts at the time the insurance application was filled out and signed. Id.

In the instant case the question again centers on the critical point, which is the date that Dapper was added to the policy, and not the date that notice of an alleged occurrence was provided. Does every complaint rise to the level of knowledge of a "known loss"? In fact, what constitutes knowledge of "physical damage" is, in itself, a question of fact. By the same token, the issue of whether a "known loss" had been remedied prior to the date of the addition of Dapper to the Palmer Properties' policy is a question of fact. For instance, if a sink hole had appeared on the subject property and the sink hole had been filled using the best known technology at the time as to its cure, and Dapper had been added to the policy thereafter, but the sink hole reappeared, would it have been a "known loss" or not? Dapper submits that the courts' logic in both the Essex and Henderson cases would conclude that a question of fact exists in both the sink hole hypothetical and in the instant case because at the time Dapper was added to the policy William Palmer in good faith felt there was no "known loss".

4

This Honorable Court has concluded that by its interpretation of "known loss" in this case, a reduction in policy premiums will occur from reduced payouts by insurance carriers. In a perfect world that could happen. Unfortunately, in our world today it could also result in a "windfall" for insurance carriers, which, in turn, would result in less coverage for the same premium by policyholders. Moreover, the Court's current interpretation of "known loss" could result in significantly greater litigation as insurance carriers flood this court with declaratory judgment actions seeking to deny coverage for <u>any</u> type of notice of <u>alleged</u> previous "physical damage" to property. If so, the consumer becomes the loser.

Finally, this Court clearly outlined the difference between the duty of an insurance carrier to defend and its duty to indemnify. The Court concluded herein that Harleysville had neither duty in this case. However, in previous case law, this Honorable Court has concluded that the duty to indemnify cannot be determined at a preliminary stage in the underlying case's proceedings, <u>Colony Ins. Co. v. Floyd's Prof. Tree Serv.</u>, 2008 WL 2705123 1 (M.D. Ala. 2008). This Court went on to state that "the duty to indemnify is not ripe for adjudication until the insured is in fact held liable in the underlying suit." <u>Id</u>. at 2. In the underlying case herein, it is not inconceivable that the Fantail could modify its allegations to include erosion that has occurred as a result of events since Dapper was added to the Palmer Properties' policy. Thus, under any theory the decision to terminate Harleyville's rights to indemnify is premature.

WHEREFORE, Dapper hereby requests that this Honorable Court alter its previous order granting Harleyville's motion for summary judgment by reversing said Order and denying summary judgment.

Respectfully submitted,

*/s/ Terry P. Wilson*
Terry P. Wilson (ABA#1040-167T)
Attorney for Defendant, Dapper, LLC

OF COUNSEL:

Terry P. Wilson, Esq.
1785 Taliaferro Trail
Montgomery, AL 36117
Telephone: 334-260-9998
Facsimile: 334-215-0288
Email: tpwlaw@bellsouth.net

## ORAL ARGUMENT REQUESTED

## CERTIFICATE OF SERVICE

I do hereby certify that I have on this the 2rd day of August, 2010, electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the counsel of record for all parties to this proceeding to:

Hunter C. Carroll, Esq.
STOCKHAM, CARROLL & SMITH, PC
2204 Lakeshore Drive
Suite 114
Birmingham, AL 35209

*/s/ Terry P. Wilson*
OF COUNSEL

6