IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| HARLEYSVILLE MUTUAL INSURANCE COMPANY | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 2:09-cv-794-TFM [wo] |
| DAPPER, LLC, | ) ) | |
| Defendant. | ) | |

**ORDER**

Pending before the Court is the *Motion of Defendant, Dapper, LLC, to Alter or Amend* (Doc. 33, filed 8/2/10) pursuant to FED. R. CIV. P. 59(e). For the reasons stated below, the motion is **DENIED**.

"In the interests of finality and conservation of scarce judicial resources, reconsideration of an order is an extraordinary remedy and is employed sparingly." *Gougler v. Sirius Products, Inc.*, 370 F. Supp.2d 1185, 1189 (S.D. Ala. 2005); *see also Spellman v. Haley*, 2004 WL 866837, *2 (M.D. Ala. 2002) ("litigants should not use motions to reconsider as a knee-jerk reaction to an adverse ruling"). As a general rule, "[a] motion to reconsider is only available when a party presents the court with evidence of an intervening change in controlling law, the availability of new evidence, or the need to correct clear error or manifest injustice." *Summit Medical Center of Alabama, Inc. v. Riley*, 284 F.Supp.2d 1350, 1355 (M.D. Ala. 2003); *see also United States v. Marion*, 562 F.3d 1330, 1335 (11th

Cir. 2009) (citation omitted) ("The only grounds for granting a Rule 59 motion are newly-discovered evidence or manifest errors of law or fact."). It is not a vehicle to "relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 128 S.Ct. 2605, 2617 n. 5 (2008); *see also Richardson v. Johnson*, 598 F.3d 734, 740 (11th Cir. 2010) ("A motion for reconsideration cannot be used to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment.").

As to the specifics of Dapper's motion, Dapper presents the same arguments the Court already considered. As such, the Court need not re-hash its reasoning. *Gougler v. Sirius Products, Inc.*, 370 F. Supp.2d 1185, 1189 n. 1 ("motions to reconsider are not a platform to relitigate arguments previously considered and rejected"). As for the issue on the duty to indemnify, Dapper cites to a previous opinion issued by this Court in *Colony Ins. Co. v. Floyd's Prof. Tree Serv.*, 2008 WL 2705123 (M.D. Ala. 2008). However, in *Colony Insurance*, the issues presented before the Court were different in that the insured sought dismissal of the declaratory judgment action while the underlying action was pending. The Court specifically denied the motion to dismiss and instead determined that the insurance company was entitled to a decree stating whether or not the insurance company must defend the insured. In the case between Harleysville and Dapper, the action was at the summary judgment stage. The Court made the legal determination that there was no duty to defend and since the duty to defend is broader than the duty to indemnify, it is "axiomatic that if

there is no duty to defend then there is also no duty to indemnify." Again, the Court need not repeat its reasoning.

For all the foregoing reasons, the motion to alter or amend the judgment is denied.

DONE this 3rd day of August, 2010.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE